

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 22, 1974

The Honorable Maurice Coats
Executive Director
Texas Commission on the Arts
   and Humanities
P. O. Box 13406, Capitol Station
Austin, Texas 78711

Opinion No. H- 313

Re: Construction of Article
6252-9b, requirements as to
financial disclosure.

Dear Mr. Coats:

Your letter requesting our opinion asks whether members of your commission, in submitting the information required by § 5 of Article 6252-9b, V. T. C. S., the Ethics Act, must report the following:

    1. "stocks in National Banks in Texas"

    2. "stocks in bank holding companies which own Texas bank stocks"

    3. "stocks in out-of-State banks which have 'Edge Act' branches for foreign trade in Texas"

    4. "holdings held in a trust in which the public servant is a trustee but in which he has no beneficial interest"

    5. holdings in an entity in which the public servant is an "Advisory Director" and in which he has no voting rights.

    6. the holdings of private foundations in which the commissioner is a trustee

Section 3 (a) of the Ethics Act requires "every elected officer, salaried appointed officer, appointed officer of a major state agency, and executive head of a state agency," as those terms are defined in the Act, to file with the Secretary of State a financial statement disclosing their financial condition.   Section 5 (a) requires every appointed officer (defined in the Act) who is not required to file a financial statement under § 3 and who has or acquires or divests himself of "a substantial interest" in a business entity which either is subject to regulation by a state regulatory agency or does business with any state agency, to file with the Secretary of State an affidavit giving certain information concerning the business entity, his interest in it, and the relationship to the State.

The Texas Commission on the Arts and Humanities is established pursuant to Article 6144g, Vernon's Texas Civil Statutes, as amended by Acts 1971, 62nd Leg., ch. 597, p. 1956.  It consists of eighteen members, appointed by the Governor for a term of six years each.  They receive no compensation for their services but are to be paid their actual traveling and other necessary expenses in the performance of their duties.   The Commission is not one ofthose listed in § 2 (5)(A) of the Ethics Act as a major state agency and, therefore, while the members of the Commission are appointed officers, they are neither elected officers, salaried appointed officers, appointed officers of a major state agency or executive heads of state agencies and are not required to file the financial statement required by § 3(a) of Article 6252-9b, V. T. C. S.  They are, therefore, required to file the affidavit required by § 5(a) of the Act, if they have, acquire,or divest themselves of a substantial interest in a business entity which either is subject to regulation by a state agency or does business with a state agency.

The Act, in § 2(12), very specifically defines what is meant by "a substantial interest" as follows:

"(12) An individual has a 'substantial interest' in a business entity if he:

"(A) has controlling interest in the business entity;

"(B) has ownership in excess of 10 percent of the voting interest in the business entity or in excess of $25, 000 of the fair market value of the business entity;

"(C) has any participating interest, either direct or indirect, by shares, stock, or otherwise, whether or not voting rights are included, in the profits, proceeds, or capital gains of the business entity in excess of 10 percent of them;

"(D) holds the position of a member of the board of directors or other governing board of the business entity;

"(E) serves as an elected officer of the business entity;

"(F) is an employee of the business entity, "

Business entity is defined by § 2 (11) of the Act as:

". . .a sole proprietorship, partnership, firm, corporation, holding company, joint stock company, receivership, trust, or any other entity recognized in law through which business for profit is conducted. "

The only interests required to be reported under § 5 are those in "business entities, " as that term is defined in the Act. Therefore any question involving filing requirements under § 5 must be prefaced with a determination of whether a business entity is involved. One aspect of this determination will be a finding that the entity is one "through which business for profit is conducted. " This aspect may be especially

relevant in cases involving trusts and foundations.  Of course, whether a particular organization is a "business entity," will depend upon the facts of each particular case.  For the purpose of answering your inquiries about types of organizations we assume, without deciding, that they are "business entities."

In determining whether or not the ownership of any particular interest in a business entity or the acquisition or disposition of any such interest should be reported in the affidavit, each transaction will have to be examined to determine: (1) Is the interest held, acquired or disposed of a "substantial interest"?  (2)  If it is a substantial interest, is it an interest in a business entity which is subject to regulation by a regulatory agency as the terms "regulation" and "regulatory agency" are defined in § § 2 (10) and 2(9) of the Act, respectively.  Or (3)  Is it an entity which is doing business with any State agency?  State agency is defined in § 2(8) of the Act.  It would appear that there should be no great difficulty in making this determination.

To answer your specific question, so far as we know, national banks in Texas are not regulated by any state regulatory agency. Whether they are doing business with any state agency is a fact which would have to be determined.  If the particular bank is doing such business and if the Commissioner owns or holds, acquires or disposes of a substantial interest in the bank, he will have to report it.  The same answer would hold true for "Edge Act" (12 USC § § 611 et seq.) banks in Texas.  Bank holding companies are subject to regulation by the Banking Department if they contain state banks, e.g., 12 USC § 1842, and therefore substantial interest in such a bank holding company must be reported.

We doubt that the fact holdings are held as trustee rather than as beneficial interest owner makes any difference if, in fact, the commissioner owns, acquires or disposes of a "substantial interest" as that term is defined.  The fact that the entity is a trust certainly would seem to make no difference.  Section 2 (11) in defining a business entity defines it to include, as well as sole proprietorships, partnerships, firms, etc., trusts.

The fifth category about which you inquire is that of an advisory director who has no voting rights. Assuming that this is the sole interest the commissioner has in the business entity, it would appear that the position of advisory director with no voting rights does not by itself constitute a substantial interest. Section 2 (12) (D) provides that the position of member of the board of directors or "other governing board of the business entity" is a substantial interest. We construe this to indicate that being in a position to govern is an important element of the substantial interest of a director.

Finally, a commissioner who owns a substantial interest, as that term is defined, in a private foundation of which he is trustee must likewise report the holding, acquisition or disposition of such interest, if the foundation is either regulated by the State of Texas or does business with a state agency.

## SUMMARY

Article 6252-9b, V. T. C. S. , defines precisely those who have a substantial interest in a business entity. A person who has such an interest in an entity which either is regulated by a regulatory agency of the State or which does business with a State agency and who is not otherwise required to file a financial disclosure statement as called for by § 3(a) of the Ethics Act, must file the affidavit required by § 5(a).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee